## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| JASON SPOONER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket No. 08-cv-262-P-S ) |
| EEN, INC., et al., | ) ) |
| Defendants. | ) |

**ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Docket # 51). As explained herein, the Court GRANTS IN PART and DENIES IN PART the motion.[1]

Plaintiff Jason Spooner asserts federal claims against Defendants EEN, Inc. and Dan Egan (collectively, "Defendants"), arising out of Defendants' use of his copyrighted musical composition and sound recording, "Who I Am." (Second Am. Compl. (Docket # 48) ¶¶ 37-54.) In 2005, Plaintiff negotiated a non-exclusive oral license with Carter Davidson, a television producer for Egan Entertainment Network, Inc. ("Network"), Defendant EEN, Inc.'s corporate predecessor.[2] The parties dispute the scope of that license.[3] In late 2007, EEN, Inc. produced for and sold to Sugarloaf Mountain Corporation a television commercial that featured "Who I Am."[4] Plaintiff now asks the Court to determine summarily that (1) Defendants engaged in copyright infringement, (2)

---

[1] Of course, the Court follows the standard summary judgment framework, which it most recently articulated in Lewis v. Geico General Ins. Co., 600 F. Supp. 2d 220, 221 (D. Me. 2009).

[2] (See Defs.' Opp'n Statement of Material Facts (Docket # 59-2) ¶¶ 14-16; Defs.' Additional Statement of Material Facts (Docket # 59-3) ¶¶ 1-6.)

[3] (See Defs.' Opp'n Statement of Material Facts (Docket # 59-2) ¶¶ 17, 19-22.)

[4] (See id. ¶¶ 5-6, 12.)

Defendant Dan Egan is individually liable for EEN, Inc.'s copyright infringement, and (3) Plaintiff is entitled to recover two separate awards of statutory damages.

First, as to the question of liability, Plaintiff has failed to demonstrate an absence of evidence to support Defendants' case. Specifically, genuine issues of material fact exist respecting the scope of the 2005 oral license, the manner in which Network became EEN, Inc., whether that restructuring effected a transfer of rights,[5] and whether the sale of the television commercial to Sugarloaf Mountain Corporation effected a transfer or "sublicense" of rights.[6] Thus, the Court DENIES Plaintiff's Motion for Partial Summary Judgment as to Defendants' liability for infringement.

Second, Defendants concede that Dan Egan is jointly liable with EEN, Inc. for any unlawful infringement of Plaintiff's copyright.[7] See Pedrosillo Music, Inc. v. Radio Musical, Inc., 815 F. Supp. 511, 514 (D.P.R. 1993). Thus, the Court GRANTS WITHOUT OBJECTION Plaintiff's Motion for Partial Summary Judgment as to Defendant Egan's personal liability.

Third, in light of the denial of summary judgment as to Defendants' liability for infringement, the Court declines to provide advisory speculation regarding Plaintiff's

---

[5] See SQL Solutions, Inc. v. Oracle Corp., No. C-91-1079, 1991 WL 626458, at *3 (N.D. Cal. Dec. 18, 1991); see also Cincom Sys., Inc. v. Novelis Corp., No. 1:05CV152, 2007 WL 128999, at *2 (S.D. Ohio Jan. 12, 2007). The Court observes that Plaintiff denies Defendants' characterization of EEN, Inc.'s purchase of assets and liabilities from its corporate predecessor, Network. (See Pl.'s Resp. to Defs.' Additional Statement of Material Facts (Docket # 62) ¶ 1.) In light of this disputed issue of material fact, as well as the conspicuous lack of record evidence respecting the corporate restructuring, the Court is unable to assess whether a transfer of rights occurred when Network became EEN, Inc.

[6] Plaintiff offers no apposite record evidence respecting the manner in which Sugarloaf Mountain Corporation exercised its rights as a purported sublicensee. (See Pl.'s Reply Mem. (Docket # 61) at 4 (citing Defs.' Opp'n Statement of Material Facts (Docket # 59-2) ¶¶ 5, 7).) Cf. Ward v. Nat'l Geographic Soc'y, 208 F. Supp. 2d 429, 431-32, 443 (S.D.N.Y. 2002) (considering "economic reality" vis-à-vis relationship between licensee and sublicensee); Gardner v. Nike, Inc., 110 F. Supp. 2d 1282, 1283 (C.D. Cal. 2000) (detailing transfer from original licensee to sublicensee of "all its rights in the exclusive license").

[7] (See Defs.' Opp'n to Pl.'s Mot. for Partial Summ. J. (Docket # 59) at 10.)

potential entitlement to two awards of statutory damages.  See Asher Assocs., L.L.C. v. Baker Hughes Oilfield Operations, Inc., No. 07-cv-01379, 2009 WL 1468709, at *2 (D. Colo. May 20, 2009).  Thus, the Court DENIES Plaintiff's Motion for Partial Summary Judgment as to the question of statutory damages.

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion for Partial Summary Judgment (Docket # 51) is hereby GRANTED IN PART WITHOUT OBJECTION to the extent it seeks a ruling as a matter of law that Dan Egan is jointly liable should EEN, Inc. ultimately be found liable on any of Plaintiff's pending claims.  In all other respects, Plaintiff's Motion is DENIED.  In light of this ruling, the Court hereby REFERS Plaintiff's Motion for Default Judgment, Sanctions and Attorney's Fees and Costs (Docket #s 54 & 55) to Magistrate Judge Rich, as this Motion primarily raises allegations that Defendants failed to comply with Magistrate Judge Rich's Order of February 18, 2009.  The Court also REFERS Defendants' Motion for Oral Argument (Docket # 63) to Magistrate Judge Rich.  In light of this ruling, this motion now pertains only to Plaintiff's pending Motion for Default Judgment, Sanctions and Attorney's Fees and Costs (Docket #s 54 & 55).

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 5th day of June, 2009.