UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JASON SPOONER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 08-262-P-S |
| | ) | |
| DAN EGAN and EEN, INC. , | ) | |
| | ) | |
| Defendants | ) | |

*RECOMMENDED DECISION ON MOTION FOR DEFAULT JUDGMENT*

In this copyright infringement action, the plaintiff, Jason Spooner, moves for entry of default judgment against the two remaining defendants[1] as a sanction for certain discovery violations or, in the alternative, for other less drastic sanctions. I recommend that the motion for entry of default judgment be denied but that the lesser sanctions sought be imposed.

**I. Factual and Procedural Background**

The scheduling order in this case, entered on October 27, 2008, set a discovery deadline of March 31, 2009. Docket No. 28. In this case, I have entered two discovery orders, each following a telephonic discovery conference. The first, entered on December 29, 2008, pertained to the defendant Egan's deposition and has no bearing on the instant motion. Docket No. 38. In the second discovery order, on February 18, 2009, I ordered the defendants, in relevant part, to produce all documents concerning both Egan Entertainment Network, Inc. and EEN, Inc. no later than February 23, 2009. I also ordered the defendants to produce forensic images of the hard

---

[1] The following defendants named in the initial complaint have been dismissed from this action: Boyne USA, Inc., Boyne Resorts Management, LLC, and Sugarloaf Mountain Corporation. Docket Nos. 21, 25. Egan Entertainment Network, Inc., named as a defendant in the initial complaint (Docket No. 1), was not named as a defendant in the plaintiff's second amended complaint. Docket No. 48.

1

drives of both defendants' computers from which they were to generate all material responsive to the plaintiff's discovery requests. The production was due no later than February 27, 2009, along with a privilege log of all such material that was being withheld pursuant to the attorney-client privilege or the work-product doctrine. Docket No. 47.

At this juncture, the plaintiff's motion for partial summary judgment has been granted in part and denied in part. Docket No. 65. The plaintiff's motion for reconsideration of that decision, Docket No. 66, has been denied. Docket No. 68.

The parties agree on the following salient facts.[2] The forensic images, including 6,077 emails, some of which were redacted, were not provided to the plaintiff's attorney until March 9, 2009, almost three weeks after the date I set. Dozens of these emails had not been provided previously, in response to the plaintiff's request for production of documents dated September 17, 2008. The names on some of the emails were previously unknown to counsel for the plaintiff. They were not included in the defendant's Rule 26(a) disclosures.

A privilege log for the emails in the March 9 production was provided on or about April 9, 2009, approximately one week after the instant motion was filed on April 2, 2009. The privilege log apparently does not refer at all to some of the redacted documents. The defendants have continued to produce responsive documents, as late as April 21, 2009.

In addition, the defendants contend that some of the corporate records to which my most recent order refers were timely provided on February 23, 2009, but others not until March 4,

---

[2] Because the pertinent facts and the defendants' failure to comply with this court's February 18, 2009, order are not disputed, the defendant's motion for oral argument, Docket No. 63, is DENIED insofar as it pertains to the plaintiff's motion for default judgment here at issue. Judge Singal has previously declined to grant the defendant's motion for oral argument as it pertains to the plaintiff's motion for partial summary judgment. Docket No. 65 at 3.

2009. Others, which the defendants had represented would be provided upon receipt from the individual defendant's accountant, have not yet been provided.[3]

## II. Discussion

Federal Rule of Civil Procedure 37 provides, in relevant part:

> **(b) Failure to Comply with a Court Order.**
> \* \* \*
> (2) *Sanctions in the District Where the Action is Pending*.
>
> (A) *For Not Obeying a Discovery Order*. If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
> \* \* \*
> (C) *Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2). In addition, subsection c of Rule 37 allows the court to impose sanctions for a party's failure to provide information or identify a witness as required by Fed. R.

---

[3] Counsel for the plaintiff assert that the more than 50 pages of corporate documents, which counsel for the defendants asserts have been produced, Defendants' Opposition to Plaintiff[']s Motion for Sanctions ("Opposition") (Docket No. 58) at 3-4, have never been received. Plaintiff Jason Spooner's Reply Motion [sic] for Default Judgment ("Reply") at 5-6.

Civ. P. 26(a) or (e). Those sanctions include not allowing the party to use that information or witness to supply evidence at trial. *Id*.

The defendants suggest a litany of actions that they contend the plaintiff could have taken, short of the instant motion, to obtain the information that the defendants failed to provide in a timely fashion. Opposition at 2, 3, 5, 13. This argument misses the point.

While the plaintiff could have undertaken alternative efforts, he was not required to do so. A court order directing production had been entered. The plaintiff was certainly entitled to rely on it. The defendants were required by that order to produce the documents at issue by a date certain. If, as the defendants suggest, "it was the quantity of emails and the difficulty of removing privilege emails from the disk that caused much of the delay in meeting the court deadline[,]" *id*. at 4, it was incumbent upon them to ask the court, prior to the deadline set by my order, for more time to accomplish that task. It was and is not the defendants' prerogative to produce the responsive documents when they feel able, regardless of the court-imposed deadline.

The plaintiff's September 17, 2008, requests for production of documents numbers 3 and 5-8, Plaintiff Jason Spooner's First Interrogatories Propounded to Defendant Dan Egan (Exh. 1 to Motion) at [8]-[9], appear to me to be broadly written and reasonably to extend to the emails at issue, as the parties have described them. I need not read each of more than 6,000 emails to attempt to determine precisely which of them are responsive to the plaintiff's requests, or whether and to what degree their late production has prejudiced the plaintiff.

At this late date, it is the defendants that should shoulder the burden of demonstrating a lack of prejudice to the plaintiff in each instance, or each email's inapplicability to the September 2008 document requests, if they wish to avoid sanctions for their tardiness with respect to the September 17, 2008 request for production, let alone their failure to comply with the court's

order.  Notwithstanding generalized and incomplete arguments as to lack of prejudice or attenuated relevance regarding some emails (and their suggestion noted earlier that the plaintiff could have taken other action short of this motion to pursue the untimely discovery responses), the defendants have not carried their burden under the discovery rules or this court's order.

The defendants' dismissive attitude towards their discovery responsibilities is also reflected in their assertions that a failure to identify "marginal witnesses[]" "happens in every case," that "in every case there are delays in discovery due to the parties or the lawyers," and that "parties do commit those types of wrongful acts in litigation[,]" without sanctions being imposed.  Opposition at 10.  This startling proposition ignores the facts that the defendants have failed to comply with a court order, and that the court order was issued after a conference of counsel discussing the issue of non-compliance in detail and some six months after the period for the defendants to comply with the plaintiff's discovery requests had run.  In this court, litigants generally do *not* do what the defendants did – or failed to do – in this case.  In this court, failures to comply with court orders, when brought to the court's attention, generally result in the imposition of sanctions.

### III. Sanctions

In order to impose default judgment, a "drastic sanction that should be employed only in an extreme situation," *Affanato v. Merrill Brothers*, 547 F.2d 138, 140 (1st Cir. 1977), the noncompliant party's actions or inactions must go "well beyond ordinary negligence," *id*. at 141.  Default judgment may be entered as a sanction for "intentional[] and deliberate[]" refusal to comply with a court's discovery order, *Local Union No. 251 v. Town Line Sand & Gravel, Inc.*, 511 F.2d 1198, 1199 (1st Cir. 1975).  From all that appears, the defendants have complied with

the applicable order, albeit with unexcused tardiness. I also note that this case has not yet appeared on a trial list.

The requested entry of default judgment is not justified by the defendants' violations. Dismissal of a case is one of the sanctions provided by Rule 37, but it is the most severe sanction. *Ortiz-Lopez v. Sociedad Española de Auxilio Mutuo y Beneficiencia de Puerto Rico*, 248 F.3d. 29, 37 & n.8 (1st Cir. 2001). In that case, the plaintiffs had failed to disclose information about their expert witness over a period of three years, despite numerous requests from the defendant, and the trial court as a result barred them from presenting his testimony at trial, making it impossible for them to prove their claim. *Id*. at 31-33 & n.3. The defendants' failures in this case are not so egregious. Holding the defendants in contempt, an alternative sanction sought by the plaintiff, also seems excessive under the circumstances.

Some sanction, however, is in order. I recommend that the defendants be barred from introducing at trial any of the documents that were untimely produced by them or from presenting as witnesses in their case-in-chief any of the individuals whom counsel for the plaintiff can demonstrate he first became aware of via the defendants' untimely disclosures.[4]

As a discovery sanction, the defendants are ORDERED to pay to the plaintiff his costs and attorney fees incurred in bringing this motion. The plaintiff shall submit an itemization of those costs and fees within 10 days of this order, and the defendants shall file any response within 10 days thereafter.

Finally, the defendants are ORDERED to produce immediately the 50 pages or more of corporate documents that the plaintiff asserts had not been produced at the time of this motion's

---

[4] The defendants' assertion that "while many of the specific individuals are new to the lawyers in the case, their employers or principals are not . . . and several know nothing about the case as will be seen from the discussion below[,]" Opposition at 8, is no defense to the defendants' failure to identify these individuals much earlier in the proceedings as possibly having information about the case.

briefing.  Further, the plaintiff shall identify within 10 days all of the redacted documents not referenced in the defendants' privilege log, and the defendants will have 10 days thereafter in which to add those documents to their privilege log, failing which, they are ORDERED to produce them in unredacted form.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 21st day of July, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge