UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| *JASON SPOONER,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | *Civil No. 08-262-P-S* |
| | ) | |
| *DAN EGAN, et al.,* | ) | |
| | ) | |
| *Defendants* | ) | |

## ORDER ON REQUEST FOR ATTORNEY FEES

On April 2, 2009, the plaintiff, Jason Spooner, filed a motion seeking default judgment, attorney fees, and other specific, alternate sanctions against the remaining defendants, Dan Egan and EEN, Inc. for a series of alleged discovery violations. Plaintiff Jason Spooner's Motion for Default Judgment, Sanctions and Attorney's Fees and Costs (Docket No. 54). I recommended that the motion be granted in part, denying the request for default judgment and specific sanctions other than an award of attorney fees incurred in connection with the motion itself. Docket No. 69. After the filing of an objection to the recommended decision by the defendants, Docket No. 73, Judge Singal adopted the recommended decision, ordering that the motion for entry of default judgment be denied and the motion for sanctions granted in part "as more specifically set forth in the Magistrate Judge's Recommended Decision." Order Affirming the Recommended Decision of the Magistrate Judge (Docket No. 79) at 1-2.

The recommended decision directed the plaintiff to file a claim for the attorney fees he sought in connection with the motion for sanctions. Recommended Decision on Motion for Default Judgment ("Recommended Decision") (Docket No. 69) at 6. He did so on July 31, 2009.

1

Docket No. 72. The current dispute concerns the defendants' motion to stay any proceedings with respect to the award of attorney fees and costs and the defendants' objections to the itemized statement of fees and costs submitted by the plaintiff. I deny the motion to stay and award a portion, but not all, of the sum sought by the plaintiff.

## I. The Motion to Stay

Some 12 days before Judge Singal entered his order affirming my recommended decision, the defendants filed a motion "to stay further proceedings re expenses." Docket No. 75. In the motion, they assert that "the most cost efficient and time saving manner of resolving Plaintiff's request for fees and costs [in connection with the motion for sanctions] and avoiding duplicative analysis and briefing" would be to defer further consideration of the matter until a "likely. . . additional request for fees and costs from the prevailing party" is made at the conclusion of this case. *Id*. at 1-2. Specifically, they ask for an order staying further consideration of the specific amount of the ordered sanctions "until 30 days following the decision on the merits and the entry of a final judgment" or, in the alternative "staying all further proceedings as respects the fees and costs awarded by Doc. 69 until 10 days following the decision of the Court on Defendants' Objection to Doc. 69." *Id*. at 2.

Since 10 days have passed since Judge Singal's order adopting my recommended decision (Docket No. 69) was entered on August 19, 2009, the defendants' second alternative request is moot. As to the defendants' first alternative request, I see no reason to grant the request to stay the award of attorney fees as a discovery sanction until the entire action is resolved. Any award of statutorily-authorized attorney fees following resolution of this action would be distinct, in source and in applicable legal standards, from the award of sanctions for violation of the rules of pre-trial discovery. Thus, any duplication of effort between the request

for discovery sanctions and a statutory request for attorney fees as the prevailing party is unlikely, particularly when the prevailing party is presently unknown and, in any event, purely a matter of speculation. Finally, any punitive or instructive impact of such an award could only be diluted by an indefinite delay in the actual transfer of funds.

The motion for a stay is denied.

## II. The Itemized Request for Attorney Fees and Costs

My recommended decision instructed the plaintiff to "submit an itemization of [his costs and attorney fees incurred in bringing this motion] within 10 days" of the date of the recommended decision. Recommended Decision at 6. The plaintiff has submitted a statement of "[d]iscovery related billing and attorney time per Court's Order of July 21, 2009." Docket No. 72 at [1]. The total amount sought is $14,640.00. *Id*.

### A. Failure to Break Out Activities

The defendants oppose the request, contending that it is excessive and requests reimbursement for costs not subject to the award of sanctions. Response of Defendants to Request for Fees and Costs of Plaintiff ("Response") (Docket No. 77) at 1.[1] Specifically, they assert that the itemization does not break out the time spent on each activity in daily entries, requiring deletion of each such entry, citing *Weinberger v. Great Northern Nekoosa Corp*., 925 F.2d 518, 527 (1st Cir. 1992), and *Brack v. Blue Water Marina, LLC,* Civil No. 06-144-P-H, 2008 WL 564651 (D. Me. Feb. 28, 2008), at *4. They identify the entries at issue as those for April 20, May 21, and May 22. Response at 4.

---

[1] The defendants also argue that the plaintiff's entire request must be denied because the plaintiff has not demonstrated that the submitted itemization is "based on contemporaneously prepared records." Opposition at 1-2. If such a requirement applies here – the only authority cited by the defendants, *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288 (1st Cir. 2001), arose in the context of a fee request by a prevailing party after judgment became final, *id*. at 292 – the defendants have met it by submitting with their reply brief the affidavit of Adam S. Taylor, Esq. to that effect. Supplemental Affidavit of Adam S. Taylor, Esq. in Support of Plaintiff's Itemization of Costs and Fees (Attachment 1 to Docket No. 80) ¶ 2.

3

In both of the cited cases, the issue was an award of attorney fees after conclusion of the litigation, one involving an unopposed application made pursuant to a "clear sailing" agreement, *Weinberger*, 925 F.2d at 521-22, and the other an application made pursuant to a settlement stipulation wherein the appropriate amount was disputed, *Brack*, 2008 WL 564651 at *1. Even assuming that such case law is applicable to an award of attorney fees as a sanction for discovery violations, the cases are nonetheless distinguishable. In *Weinberger*, the party seeking an award of fees submitted no documentation of the request whatsoever, relying only on the opposing party's agreement to the total amount sought. 925 F.2d at 527. In *Brack*, the lawyers seeking reimbursement had worked on two related cases in two separate jurisdictions, and Judge Hornby of this court, having determined that only fees incurred in the Maine litigation could be recovered in the Maine case, was unable to discern from the lawyers' submission how much time each day was spent on the tasks listed and thus unable to tell how much of the total time was spent on either of the two related cases. 2008 WL 564651 at *4. In the instant case, only one action is involved and an itemized statement has been provided.

I have nonetheless reviewed the specific entries listed by the defendants. On April 20, the second entry is: "Discuss Motion for Sanctions and Motion for Summary Judgment with Attorney Taylor; email Attorney Mittel regarding his extension request; email Attorney Mittel regarding missing non-privileged emails." [Itemized Statement] RE: Jason Spooner v. Egan Entertainment Network, Inc., et al. ("Itemized Statement") (Docket No. 72) at [4]. The total time charged is one-half hour. *Id*. It is quite correct to say that any time spent discussing the motion for summary judgment that was also filed in this case should not be included in the recovery of fees incurred in connection with the entirely separate motion for sanctions. The plaintiff's response on this point is that he "has affirmed under oath that the itemization includes only

recoverable items – those items directly related to the bringing of the motion as ordered in Document 69." Plaintiff Jason Spooner's Reply to Defendants' Response (Document 77) to Plaintiff's Itemization of Fees and Costs ("Reply") (Docket No. 80) at 2. However, it is clear on the face of the document that this entry includes at least one activity, discussing the motion for summary judgment, that was not and could not have been "directly related to the bringing of the motion" for sanctions. When a party's own submissions contradict each other, the courts ordinarily will not consider the later-filed contradiction in the absence of an explanation for the change, which is missing here. *See, e.g., Meuser v. Federal Express Corp.*, 564 F.3d 507, 515 (1st Cir. 2009); *Brigham v. Sun Life of Canada*, 317 F.3d 72, 84 (1st Cir. 2003). The April 20 entry should be excluded.

The defendants contend that "much of" the entries for May 21 and 22 is subject to this argument because "it was related to the Motion for Summary Judgment." Response at 4. Four entries are listed for these two dates, totaling 0.9 hours. Itemized Statement at [5]. These entries uniformly refer to a request for oral argument on both the motion for summary judgment and the motion for sanctions, with no attempt to distinguish between the two. The plaintiff's reply with respect to the April 20 entry also serves as his reply with respect to May 21 and 22 and is unpersuasive for the reasons already discussed. These entries also should be excluded.

### B. Duplication

The defendants' next objection is that the itemized statement offers evidence of much duplication of effort by two attorneys that should not be recoverable. Response at 2. They identify the following specific entries as suffering from this infirmity: February 17, April 23 and 24, April 27, April 28, May 1, and July 22. *Id.* at 2, 4-6.[2] In each instance, so far as I can tell,

---

[2] The defendants also list May 21 and May 22 as presenting duplication of effort, Response at 4, but I have already concluded that those entries should be excluded on separate grounds.

the defendants contend that the lesser of the charges for either of two attorneys should be deleted from each of these entries. The plaintiff offers no response to this argument beyond its global assertions that it "carefully culled time entries that were unrelated to the bringing of the motion" for sanctions and "affirmed under oath that the itemization includes only recoverable items." Reply at 3, 2. Neither this response nor a recitation of "the seven filings by Defendants in response to the sanctions motion," *id*. at 4, is helpful to the court.

I agree that the activities set forth in the itemized statement for the following dates could have been performed by a single attorney: February 17, April 28, May 1, and July 22. I do not agree that either the entry for April 23 or that for April 24 should be deleted as duplicative or that the entries for April 27 are duplicative. The lesser charges for each of February 17, April 28, May 1, and July 22 will be deleted.

### C. Pre-March 13 Entries

The defendants next challenge all amounts listed for dates prior to March 13, 2009, because they "[a]ll precede any entries relating to the preparation of the motion." Response at 3. Again, the plaintiff provides no response to this specific argument. I agree that activities undertaken before the preparation of the motion for sanctions, while indisputably relating to the events that gave rise to the motion, do not constitute "costs and attorney fees incurred in bringing" the motion for sanctions, which is the subject of the award as set forth in my recommended decision. Recommended Decision at 6. Those entries will be excluded.

### D. Review of Documents Produced

The defendants next assert that the entries for March 13 and March 24 should be disallowed because the corporate records mentioned therein "had been produced." Response at 3. As set out in my recommended decision, whether those records had been provided before the

motion for sanctions was brought is very much in dispute. Recommended Decision at 2-3 & n.3. I will not disallow these entries for the proffered reason.

An entry for March 26 charges 11.0 hours for review of e-mails produced by the defendants and the "document[ing of] emails that should have been produced months earlier as well as issues with redacted emails." Itemized Statement at [3]. I agree with the defendants, Response at 3, that counsel for the plaintiff would have spent this time reviewing the e-mails whenever they had been produced, and no recovery for this time is appropriate under the terms of my recommended decision. To the extent that "issues with redacted emails" were presented to the court in the motion for sanctions, the time spent "documenting" those issues should have been presented separately in order for it to be recoverable.[3] Similarly, the entry for April 15, "[r]eview privilege log," Itemized Statement at [4], and that for April 22, *id.*, would have been incurred whether or not a motion for sanctions was necessary, as the defendants point out, Response at 3-4, and thus must be excluded. The first entry for April 20 suffers from the same infirmity and will be excluded.

The defendants' next challenge is to the entry for April 13, which they assert has to do with a license that "was unrelated to the subject matter of this case." Response at 3. In the absence of any specific response from the plaintiff, and because it does not suggest on its face that this time was incurred in bringing the motion for sanctions, this entry, for .2 hours, will be excluded.

I will *sua sponte* also exclude the entries for March 27, March 29, March 30, June 18, and the second entry on July 30, which also describe activities that would have been undertaken

---

[3] It is not necessary to reach the defendants' contention that this review should have been performed by a paralegal rather than an attorney. Response at 3.

whenever the privilege log was produced, or activities that were not directly involved in the bringing of the motion for sanctions.

### E. Excessiveness

The foregoing exclusions from the itemized statement result in a total reduction in the amount requested of $5,015.00, leaving a net figure of $9,625.00. The defendants contend that the request is nonetheless excessive, suggesting a maximum award of $5,000 as a discretionary sanction. Response at 5. I agree that the amount of time charged for certain activities is excessive, although that conclusion leads me to a somewhat different result.

The plaintiff's attorneys have billed 17.6 hours not previously addressed herein for preparation of a 4-page reply brief (April 24-May 1). This includes a 2.3-hour entry reading "Review Attorney Mittel's 252-page Opposition to Plaintiff's Motion for Sanctions" on April 24. That opposition, Docket No. 58, is in fact 14 pages long. The remaining 237 pages (it is docketed as 251 pages, not 252) of that filing are exhibits consisting of documents that either had already been produced in discovery or would have been produced in timely discovery responses, which counsel for the plaintiff would have had to review in any event, whenever they were produced. I conclude that 8.6 hours is a more reasonable time for preparation and submission of the reply; a reduction of 9.0 hours will be made here.

The itemized statement includes 13.5 hours (July 24-30) not previously addressed herein for preparation of the itemized statement and the two short affidavits that accompany it (Docket No. 72). This also appears excessive. I will delete another 5.0 hours here.

The entries for April 1 (8.9 hours) and 2 (9.0 hours) for various activities, including preparation of a proposed order which is not required by this court, telephone calls, email

correspondence, internal meetings, and preparation of a letter to counsel for the defendants, also appear excessive. I will delete 6.0 hours from these entries.

These additional reductions of 20.0 hours, multiplied by the average hourly rate charged for these hours ($178.54), total $3,570.80. The total award is therefore $6,054.20.

### III. Conclusion

For the foregoing reasons, the defendants' motion for a stay (Docket No. 75) is **DENIED**; and the plaintiff is awarded $6,054.20 in attorney fees and costs as a sanction for the discovery violations described in the Recommended Decision, Docket No. 69.

Dated this 13th day of October, 2009.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge