# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JASON SPOONER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 08-cv-262-P-S |
| | ) |
| EEN, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER FOLLOWING BENCH TRIAL

The Court held a bench trial in this matter on January 12, 2010. As is the Court's ordinary practice, the parties are hereby ORDERED to submit proposed findings of fact, with record citations, and proposed conclusions of law. Each side shall submit their proposed findings of fact and conclusions of law on or before February 5, 2010 at noon.

Additionally, on or before February 10, 2010, the parties shall submit memoranda of law that present any relevant legal arguments not adequately covered in their proposed conclusions of law. The Court specifically requests that these memoranda address the following questions:

(1) Assuming the Court finds that the license Plaintiff gave Defendants in 2005 did not cover the Sugarloaf commercial at issue, what factors or standards should the Court use in assessing the amount of statutory damages under 17 U.S.C. § 504(c)(1)?

(2) Assuming the Court finds that the license Plaintiff gave Defendants in 2005 did not cover the Sugarloaf commercial at issue, what standards or factors should be utilized in assessing whether Defendants are liable for damages for willful infringement under 17 U.S.C. § 504(c)(2)? Does a finding that Defendants generally operated with reckless disregard as to licenses for copyrighted material used in their productions allow the Court to conclude that Defendants willfully infringed on Plaintiff's copyrights?

(3) Assuming the Court awards any damages under either § 504(c)(1) or § 504(c)(2), does the infringement involved in this action involve "one work" (as defined in 17 U.S.C. § 504(c)(1)) or two distinct works? In the context of this case, is the sound recording of "Who I Am" a derivative work of the "Who I Am" musical composition?

(4) Assuming the Court awards any damages under § 504(c)(1), what legal standards should govern the Court's determination of whether Defendants are in fact "jointly and severally" liable with the Sugarloaf defendants previously dismissed by stipulation (hereinafter, the "Settling Defendants")? Does a finding of joint and several liability under § 504(c)(1) extend to damages awarded under § 504(c)(2)?

(5) Assuming the Court were to find that the remaining Defendants were jointly and severally liable with the Settling Defendants, what legal standard governs the Court's determination as to how the Court should credit the $30,000 settlement in calculating any statutory damages to be awarded to Plaintiff as a result of the bench trial? Does a *pro tanto* rule apply?

Each memorandum of law shall comply with Local Rule 7(e) and shall not exceed 15 pages absent prior court approval.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 12th day of January, 2010.