UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JASON SPOONER, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Docket No. 08-cv-262-P-S |
| | ) |
| EEN, INC., et al., | ) |
| | ) |
|       Defendants. | ) |

**ORDER ON AMENDED MOTION FOR ATTORNEYS' FEES**

Before the Court is Plaintiff Jason Spooner's Amended Motion for Attorneys' Fees and Costs (Docket # 124). As explained herein, the Motion is GRANTED IN PART.

**I.    INTRODUCTION**

This Court has already found Plaintiff was entitled to an award of attorneys' fees in connection with its Findings of Fact & Conclusions of Law, which stated in relevant part:

> Under the Copyright Act, the Court may "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "The goal of such awards is to 'vindicat[e] the overriding purpose of the Copyright Act: to encourage the production of original literary, artistic, and musical expression for the public good.'" Mag Jewelry Co., Inc. v. Cherokee, Inc., 496 F.3d 108, 122 (1st Cir. 2007) (quoting Lotus Dev. Corp. v. Borland Int'l, Inc., 140 F.3d 70, 73 (1st Cir.1998)). In this case, the Court believes an award of attorney's fees furthers those goals. In considering whether to allow Plaintiff an award of attorney's fees, the Court has considered "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need . . . to advance considerations of compensation and deterrence.'" Fogerty, 510 U.S. at 534 n. 19 (quoting Lieb v. Topstone Industries, Inc., 788 F.2d 151, 156 (3rd Cir. 1986)); see also Garcia-Goyco v. Law Environmental Consultants, Inc., 428 F.3d 14, 20 (1st Cir. 2005) (endorsing this list of "Fogerty factors"). In short, all of those factors support an award of some amount of attorney's fees in this case.

(Findings of Fact & Conclusions of Law (Docket # 119) at 19.)

At the very end of the May 11, 2010 order announcing its decision in this matter, the Court stated: "Plaintiff shall file a motion for attorney's fees in accordance with Federal Rule of Civil Procedure 54(d)(2) and District of Maine Local Rule 54.2." (Id. (Docket # 119) at 20.) Plaintiff filed the pending Motion for Attorneys' Fees on June 11, 2010.

## II.  STANDARD OF REVIEW

In considering what amount of attorney's fees may be awarded in any fee-shifting case, the Court begins with a lodestar analysis, which requires the Court to multiply counsel's reasonable hourly rate by the number of hours productively expended by counsel. See, e.g., De Jesus Nazario v. Rodriguez, 554 F.3d 196, 207 (1st Cir. 2009); see also Perdue v. Kenny A., 130 S. Ct. 1662, 1672 (2010) (noting that the lodestar method is now the dominant approach to fee-shifting). In determining the number of hours productively spent, the Court may adjust the number of hours claimed to remove time that was "unreasonably, unnecessarily or inefficiently devoted to the case and . . . may disallow time spent litigating failed claims." De Jesus Nazario v. Rodriguez, 554 F.3d at 207 (citing Lipsett v. Blanco, 975 F.2d 934, 940-41 (1st Cir. 1992)). In determining the proper hourly rate, the Court applies the "prevailing market rate." E.g., Universal City Studio Prods. LLLP v. Bigwood, 441 F. Supp. 2d. 185, 193 (D. Me. 2006). "Finally, the trial court has the discretion to adjust the lodestar itself upwards or downwards based on several different factors, including the results obtained, and the time and labor required for the efficacious handling of the matter." De Jesus Nazario, 554 F.3d at 207 (citing Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008)).

## III. DISCUSSION

Plaintiff's Amended Motion for Attorneys' Fees seeks fees totaling $175,714.30 and additional costs in the amount of $4,882.35. The requested fee reflects a total of 994 hours expended by (1) Attorney Rowen, an attorney with five years of litigation experience who billed her time in this case at a rate of $175 an hour; (2) Attorney Taylor, an attorney with nine years of experience who billed his time in this case at a rate of $210 an hour; and (3) a paralegal, (identified in the billing record as "CJR") whose time was billed at a rate of $100 an hour.

### A. Timeliness of Plaintiff's Motion for Attorneys' Fees

Before turning to the necessary lodestar analysis, the Court pauses to consider Defendants' argument that the motion should be denied as untimely. In this case, judgment was entered on May 12, 2010 and Plaintiff filed the pending motion for attorneys' fees on June 11, 2010. In filing within thirty days, Plaintiff complied with the District of Maine Local Rule 54.2, which requires a motion for attorneys' fees to be "filed within 30 days of the expiration of the time for filing a timely appeal." D. Me. Loc. R. 54.2.

Defendant argues that Plaintiff was required to file his motion for attorneys' fees within fourteen days after the entry of judgment in accordance with Federal Rule of Civil Procedure 54(d)(2)(B)(i) and that, to the extent Local Rule 54.2 enlarges that period of time, the local rule is invalid. This argument is without merit in the particular context of this case. Rule 54(d)'s time limitation is specifically circumscribed when "a court order provides otherwise." Fed. R. Civ. P 54(d)(2)(B). In this case, the Court specifically ordered Plaintiff to file his motion for attorneys' fees "in accordance with Federal Rule of Civil Procedure 54(d)(2) and District of Maine Local Rule 54.2." (Findings of Fact & Conclusions of Law at 20.) Even Defendant

acknowledges that other courts that have considered a similar argument have deemed local rules de facto standing orders. See, e.g., Planned Parenthood v. Attorney General, 297 F.3d 253, 261 (3d Cir. 2002) ("conclude[ing] that District of New Jersey Local Rule 54.2(a) is an order of the court for the purposes of Fed. R. Civ. P. 54(d)(2)(B)"). In this case, the Court's order made specific reference to the applicable local rule. Thus, the Court specifically provided for the enlarged time period contemplated in Local Rule 54.2. In short, Plaintiff's Motion for Attorneys' Fees was timely filed in accordance with this Court's prior order.

### B. Lodestar Analysis

Having previously determined that Plaintiff is entitled to an award of attorneys' fees and concluded that his request for attorneys' fees was timely filed, the Court proceeds to determine the amount of fees to be awarded. In this case, Defendants have opposed the Plaintiff's request on the grounds that it is "unreasonable," "outrageously excessive" and reflects "no billing judgment." (Defs. Response (Docket # 126) at 5, 7 & 12.) As a result, Defendants devote the entirety of their response to arguing that the attorney's fee request should be entirely rejected. (See id. at 5-15.) While the Court believes it has an independent duty to engage in the lodestar analysis, the Court notes that Defendants could be deemed to have forfeited any arguments regarding the appropriate lodestar analysis based on the "all-or-nothing" approach of their response.

#### 1. The Hourly Rates Are Reasonable and Reflect the Prevailing Market Rates

As Plaintiff's counsel point out in their motion, earlier this year this Court approved a fee award in a trademark case in which Attorneys Taylor and Rowen appeared as local counsel and charged slightly higher rates than the rates sought in the pending request. See, e.g., H-D

Michigan, LLC v. Pat Hannon d/b/a Big Daddy's Barbeque, D. Me. No. 2:09-cv-378-GZS, 2010 U.S. Dist. LEXIS 28844 (D. Me. March 25, 2010). In that case, the Court also approved the $100 hourly rate for paralegals as the "prevailing market rate in Portland, Maine" for experienced paralegals. Nothing in Defendant's papers suggest that the hourly rates sought in Plaintiff's Motion are unreasonable and the Court, therefore, applies the claimed hourly rates.

**2. The Hours Productively Expended**

As previously indicated, Plaintiff's counsel seeks fees on 994 hours of work, which reflects a write-off of 107.1 hours. This case originally was filed on August 8, 2008 and named multiple defendants. In October 2008, Plaintiff reached a settlement with Sugarloaf Mountain Corporation and Boyne USA, Inc. (the "Settling Defendants") and a stipulation as to these defendants was entered on the docket. Notably, Plaintiff's 61-page billing statement (Docket # 124-1), which accompanies the pending motion, is replete with references to the Sugarloaf defendants and clearly seeks fees that can be attributed to the claims against the Sugarloaf defendants.[1] The Court will not allow Plaintiff to recover attorneys' fees under 17 U.S.C. § 505 for settled claims against the Sugarloaf defendants. Having reviewed the bill in detail, the Court writes off a total of $14,168.50 in fees (77.1 hours) that were billed between July 10, 2008 and October 23, 2008.[2] In the Court's assessment, these amounts are readily attributable to

---

[1] Defendants do note this problem but make no attempt to quantify it concluding that "in the big picture, that matters only a small bit." (Defs. Response at 8 n.8.)

[2] This write off includes the following hours:

    Attorney Taylor: 8/5/2008 (1.5); 8/8/2008 (1.4); 8/18/2008 (2.9); 8/20/2008 (1.1); 9/8/2008 (0.5); 9/16/2008 (1); 9/19/2008 (0.5); 9/23/2008 (1.5); 9/24/2008 (2); 9/25/2008 (1); 9/29/2008 (1.6); 10/8/2008 (2); 10/10/2008 (1.1); 10/13/2008 (1); 10/16/2008 (0.8); 10/17/20008 (3); 10/21/2008 (0.7).
    Attorney Rowen: 7/30/2008 (3); 7/31/2008 (1); 8/12/2008 (1); 8/19/2008(0.4); 8/20/2008 (1.5); 8/28/2008 (3.1); 9/2/2008 (2); 9/3/2008 (6.5); 9/5/2008 (1.2); 9/11/2008 (2); 9/17/2008 (1.4); 9/23/2008 (2); 9/25/2008 (1); 9/26/2008 (0.5); 9/29/2008 (0.3); 9/30/2008 (2.3); 10/1/2008 (0.7); 10/8/2008 (2); 10/9/2008 (3); 10/10/2008 (7); 10/13/2008 (2); 10/14/2008 (1); 10/16/2008 (1.3); 10/17/2008 (2.5); 10/20/2008 (1.3); 10/21/2008 (1); and 10/23/2008 (0.5)
    Paralegal time: 8/4/2008 (0.6); 8/28/2008 (0.6); and 10/21/2008 (0.8).

Plaintiff's claims against the Sugarloaf defendants and, as such, are covered by the 2008 settlement.

Having written off the time attributable to the settled claims, the court now turns to the remaining 916.9 hours for which Plaintiff seeks fees. In the Court's independent assessment, much of that time was productively expended. However, there are two notable exceptions. The first exception relates to Plaintiff's litigation surrounding the motion for attachment. Between October 23, 2008 and January 2, 2009, Plaintiff's counsel has billed approximately 50 hours and over $8,500.00 in fees to overzealous attempts at attaching Defendant Egan's property. Notably, Defendants did not even file an objection to the attachment, which begs the question whether Plaintiff's counsel even needed the motion and whether this issue of asset preservation could have been resolved via stipulation (as it was eventually). (See Defs. Notice of Withdrawal of Motion to Modify Attachment (Docket # 41).) Once the attachment was approved without objection, Plaintiff's counsel sought to attach various bank accounts despite the known existence of real property. Under these circumstances, the Court believes the time spent litigating the attachment was unnecessary and inefficient. As a result, in an exercise of its discretion, the Court deducts 40 hours and $6,800.00 from Plaintiff's requested fee related to the attachment.

The second exception relates to Plaintiff's attempt to pursue the infringement in this matter as two separate infringements (Counts I and II). As detailed in the Court's Findings of Fact and Conclusions of Law, there existed no precedent to support double statutory damages in this case. See Spooner v. EEN, Inc., No. 2:08-cv-262-GZS, 2010 WL 1930239 at *5-*7 (D. Me. May 11, 2010). To the extent the Court entered judgment in favor of Defendant on Count II, the pursuit of double statutory damages reflects a failed claim and the Court believes the hours

should be adjusted to reflect Plaintiff's limited success.[3]  In fact, the billing record reflects many hours devoted to "dual ownership" (July 14, 2008), "dual count/claim" (July 22, 2008 & December 5, 2009), summary judgment (which raised the issue of two separate statutory damage awards) (March 23-31, 2009), and post-trial briefing on this issue (January & February 2010). Not surprisingly, most of this time was devoted to unfruitful legal research performed by Attorney Rowen.  However, counsel's strongly held belief that any statutory damage award in this case would be doubled impacted all aspects of the case including unsuccessful settlement discussions.[4]  Having reviewed all of the filings in this case, the Court can conservatively estimate that Count II and the pursuit of double statutory damages can be attributed to at least 200 hours by Attorney Rowen ($35,000.00) and 100 hours by Attorney Taylor ($21,000.00). Thus, the Court will exercise its discretion to deduct $56,000.00 from the requested fee for time spent on the failed claim.

What remains after these deductions is a "presumptively reasonable fee" of $98,745.80. Lipsett, 975 F.2d at 937.  The Court acknowledges that this fee award is more than double the $40,000.00 statutory damage award for which Defendants were found to be jointly and severally liable with the Settling Defendants.[5]  However, this fee amount reflects that Defendants EEN and Egan ultimately chose to take this case to trial and were found to be willful infringers.  It also

---

[3] The Court notes that Counts I and II undoubtedly were interrelated and Defendants have made no effort to segregate the time devoted to Count II.  See Lipsett v. Blanco, 975 F.2d 934, 940-41 (1st Cir. 1992) (discussing the doctrine of interrelatedness and noting that it is "the fee-target's burden to show a basis for segregability"). Nonetheless, the Court believes that its familiarity with the case allows it to do some segregation.  The Court notes that absent an ability to exclude hours unproductively spent on Count II, it would perform a downward adjustment of the total fee award to reflect the result obtained—namely, a single statutory damage award.

[4] See, e.g., 9/25/2008 Ltr. from Attorney Taylor to Attorney Osborn (Docket # 126-5) (explaining Spooner had "two solid counts . . . one for sound recording infringement and one for composition infringement").

[5] After the Court applied the one satisfaction rule, the Court ordered that judgment be entered in the amount of $10,000 against Defendants EEN and Egan.  While EEN and Egan received the dollar-for-dollar benefit in connection with the statutory damages award, it is appropriate to consider the full amount of damages awarded at trial in assessing the attorneys' fees to be awarded under 17 U.S.C. § 505.

7

reflects the Court's award of injunctive relief in addition to statutory damages. At trial, Plaintiff credibly testified that he did not want his music used for commercial purposes and the record clearly showed that this is exactly what Defendants EEN and Egan did. The injunctive relief ensures Plaintiff will be protected from future similar copyright infringements by these Defendants and, in the context of this case, may have more value to Plaintiff than the statutory damage award. Ultimately, an award of attorneys' fees in this case that exceeds the statutory damage award ensures that attorneys will continue to litigate claims of copyright holders even if the case involves a minimal damage award. See, e.g., Fogerty v. Fantasy, Inc., 510 U.S. 517, 527 (1994) ("Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible.")

Pursuant to the above analysis, the lodestar method yields a substantial but reasonable fee award of $98,745.80. The Court finds no circumstances that warrant any discretionary adjustment of this figure upward or downward.

### C. Costs

With respect to the costs, Plaintiff's counsel is directed to re-file his costs in accordance with Local Rule 54.3 within 14 days of this Order. However, counsel should note that in accordance with the Court's ruling, Plaintiff is not entitled to costs related to Sugarloaf & Boyne since Plaintiff's claims against those defendants were settled and no judgment was entered against those defendants.

**IV.  CONCLUSION**

Plaintiff Jason Spooner's Amended Motion for Attorneys' Fees and Costs (Docket # 124) is GRANTED IN PART and DENIED IN PART.  Plaintiff is hereby awarded attorneys' fees totaling $98,745.80.  To the extent the Motion sought costs totaling $4,882.35, the request is DENIED WITHOUT PREJUDICE and Plaintiff's counsel is directed to refile this request as a bill of costs in accordance with Local Rule 54.3 within fourteen (14) days.  To the extent Plaintiff's counsel sought reimbursement for disbursements not recoverable as costs pursuant to 28 U.S.C. § 1920, the request is DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 28th day of October, 2010.